NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 26 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-16750 |
| Plaintiff-Appellee, | D.C. Nos. 1:21-cv-00212-SOM-RT |
| v. | 1:02-cr-00547-SOM-1 |
| KENNETH CHARLES McNEIL, AKA Chip, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
Susan Oki Mollway, District Judge, Presiding

Submitted May 17, 2022[**]

Before:    CANBY, TASHIMA, and NGUYEN, Circuit Judges.

Kenneth Charles McNeil appeals pro se from the district court's orders

denying his petition for a writ of error coram nobis and motion for reconsideration.

We have jurisdiction under 28 U.S.C. § 1291.  We review de novo the denial of a

petition for a writ of error coram nobis, *see United States v. Riedl*, 496 F.3d 1003,

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

1005 (9th Cir. 2007), and for abuse of discretion the denial of a reconsideration motion, *see Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). We affirm.

McNeil contends that the district court ignored a "fundamental concept of intent" when analyzing his claim regarding the definition of intent. However, the court correctly concluded that this claim did not warrant coram nobis relief because McNeil had not shown a valid reason why he did not raise it earlier. *See Riedl*, 496 F.3d at 1006 (to be eligible for coram nobis relief, a petitioner must show "valid reasons exist for not attacking the conviction earlier"). Moreover, our review of the record shows that McNeil has not shown an error "of the most fundamental character" with respect to his intent claim. *See id.*

McNeil next argues that the government made a concession in its answering brief to a prior coram nobis appeal that constitutes impeaching evidence that should have been disclosed under *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972). We agree with the district court that the statement on which McNeil relies is not evidence, *see Comstock v. Humphries*, 786 F.3d 701, 709 (9th Cir. 2015) ("arguments in briefs are not evidence"), and that McNeil failed to show an error "of the most fundamental character," *Riedl*, 496 F.3d at 1006. Contrary to McNeil's contention, the district court did not err in its analysis of this claim.

McNeil also contends that the district court erred by deciding his petition without conducting an evidentiary hearing. The district court did not err because the record conclusively shows that McNeil is not entitled to relief. *See* 28 U.S.C. § 2255(b); *United States v. Taylor*, 648 F.2d 565, 573 n.25 (9th Cir. 1981) ("Whether a hearing is required on a coram nobis motion should be resolved in the same manner as habeas corpus petitions."). Contrary to McNeil's argument, we are bound by *Taylor* because McNeil has not shown that it is "clearly irreconcilable" with intervening higher authority. *See Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc).

We do not consider McNeil's claim, raised for the first time in his reply brief, that the government's alleged change in its theory of the case violates his right to due process. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**